**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JACKSON WADE**                                                                                             **PLAINTIFF**

**VS.**                                                                                     **NO.**  3:19-cv-193 CWR-FKB

**HINDS COUNTY, MISSISSIPPI,**
by and through its Board of Supervisors, and
**JOHN and JANE DOES 1-24**                                                                   **DEFENDANTS**

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW the Plaintiff, Jackson Wade, in the above styled and referenced cause, by and through his undersigned counsel, and files this his Complaint against the aforementioned Defendants, and alleges as follows:

PARTIES

1.

Plaintiff, JACKSON WADE, is a person of the full age of majority and resident of Hinds County, Mississippi.

2.

Defendant HINDS COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi, and may be served with process by effecting the same upon the Chancery Clerk for Hinds County, Mississippi, Mrs. Eddie Jean Carr at the Hinds County Courthouse, 316 S. President St., Jackson, Mississippi.

3.

Defendants JOHN and JANE DOES 1-24, whose identities are unknown to the Plaintiff at this time, are upon information and belief, deputies of the Hinds County Sheriff's Department, and/or officers and/or trainees employed at the Hinds County Detention Center, and/or employed by Hinds County, as personnel assigned to the Hinds County Detention Center. All allegations and

claims asserted herein against the named Defendants are incorporated herein by reference against JOHN and JANE DOES 1-24. Said JOHN and JANE DOES 1-24, when their identities are known, will be identified by name and joined in this action, if necessary, pursuant to the Federal Rules of Civil Procedure.

## JURISDICTION

4.

The Plaintiff herein invokes this Court's federal question jurisdiction pursuant to 28 United States Code §§ 1331 and 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by Mr. Wade, and caused by the blatant violation of the rights, privileges and immunities of the Plaintiff, as guaranteed by the Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal Statutes, more particularly, 42 United States Code §§ 1983 and 1985(3).

## VENUE

5.

Venue is proper in this jurisdiction and district pursuant to 28 United States Code § 1391(b) in that the alleged acts and omissions of the Defendants occurred exclusively within the territorial limits of this judicial district and division.

## FACTS

6.

In April of 2017, Jackson Wade was a detainee of the Hinds County Sheriff and was being held in the Hinds County Detention Center in Raymond, Mississippi. While in custody, Mr. Wade was brutally attacked, beaten, and stabbed over forty (40) times by fellow inmates at the Hinds County Detention Center. As a result of the attack, Mr. Wade sustained injuries to his entire body, including stab wounds and a broken tooth. These injuries left scarring and dental disfigurement, and the attack led to significant emotional distress.

7.

This attack was preventable. More specifically, before the assault of Mr. Wade in April of 2017, numerous other individuals were subjected to a detention environment that was completely out of the control of Hinds County officials. The ability of inmates to open cell doors at will due to inoperable locks[1], a failure to adequately staff and otherwise maintain the Hinds County Detention Center, a lack of proper inmate screening and segregation, and a failure to otherwise discipline and control the inmates within the HCDC created the unreasonably unsafe environment in which Mr. Wade was brutally assaulted. In June of 2016, ten months prior to this attack, the United States Department of Justice announced a settlement[2] with Hinds County that would supposedly address the exact deficiencies that ultimately caused the injuries to Mr. Wade. Unfortunately, Hinds County failed to live up to its word and protect its inmates.

## COUNT I
## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

8.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraphs 1-7, supra. The Plaintiff makes the following allegations in Count I with respect to all Defendants:

9.

At all times material hereto, the Defendants, both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, these Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Mr.

---

[1] In one rather astounding instance, the former Hinds County Sheriff himself actually demonstrated a method for "popping" the lock on a cell door for the news cameras of WAPT, a local television station.

Wade were violated. Specifically these Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Mr. Wade's rights under the Eighth and Fourteenth Amendments to be free of pretrial conditions that constitute punishment. Mr. Wade suffered physical injuries as described above as a result of the Defendants to reasonably protect Mr. Wade from an identified, known harm. Additionally, these Defendants, both named and unnamed, failed to adequately train staff or hire properly trained staff, or receive proper training as to the supervision of individuals in the custody of the government, all of which caused or contributed to the unreasonably unsafe environment which lead to Mr. Wade's injuries.

10.

These Defendants, named and unnamed, deliberately and/or negligently implemented a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Mr. Wade and other inmates were violated. Upon information and belief, in the ten years prior to Mr. Wade's stabbing, other individuals have been treated in a similar fashion by these Defendants. Upon information and belief, these Defendants were placed on notice that there was a need for increased security at the HCDC. In truth and in fact, Hinds County reached a settlement with the U.S. Department of Justice concerning these very deficiencies ten months prior to Mr. Wade being stabbed. However, the obvious need for increased staff and security was previously ignored as a result of these Defendants' unreasonable and unconstitutional custom, usage, and/or policy. These Defendants' continued policy of inadequate training, security, and supervision resulted in the injuries sustained by Mr. Wade.

11.

These Defendants bear a duty to exercise reasonable care in the hiring, training and supervision of their employees. This duty includes a responsibility to train correctional officers and other agents to properly monitor, observe and report the deprivation of constitutional rights of

---

[2] See *U.S.A. v. Hinds County, et al*, Cause No. 3:16-cv-489-WHB-JCG, Dkt. No. 2

individuals in custody to the proper legal authorities. The Defendants also bear the duty to provide individuals in custody with a secure environment. These Defendants bear the duty of hiring deputies, jailers, and other staff with the requisite education, training and expertise to provide reasonable and adequate security for individuals in custody. These Defendants, jointly and severally, breached each of these duties for failing to provide proper training to their agents, by failing to have appropriate procedures and protocols in place to ensure adequate protection of civil rights, and by failing to supervise their staff. These Defendants also failed to update policies, repair jail facilities, and to provide peer review or adequate supervision of their staff. These breaches directly and proximately resulted in the harms and damages alleged herein.

12.

At all times material hereto, these Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of these Defendants and their agents, representatives, and employees.

13.

As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants deprived Mr. Wade of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Mr. Wade experienced pain, suffering, humiliation, degradation, physical injury and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Mr. Wade's constitutional rights as outlined herein.

## COUNT II.
### ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

14.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraphs 1-13, supra.

15.

At all times material hereto, all Defendants, named and unnamed, and their agents, representatives, and employees did conspire to deprive the Plaintiff of the rights, privileges, and immunities guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi. Specifically, these Defendants, conspired as outlined in preceding paragraphs of this Complaint engage in a course of conduct that resulted in the violation of Mr. Wade's rights as outlined hereinabove.

16.

As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Mr. Wade of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Mr. Wade experienced pain, suffering, humiliation, degradation, physical injury and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Mr. Wade's constitutional rights as outlined herein.

### PRAYER FOR RELIEF

17.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, JACKSON WADE, prays that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment granting the following relief:

a. enter a judgment in favor of the Plaintiff and against all Defendants jointly and severally, for the actual or compensatory damages sustained by the Plaintiff pursuant to 42 United States Code sections 1983 and 1985, the Eighth and Fourteenth Amendments to the Constitution of the United States of America and the corresponding sections of the Constitution of and Code of the State of Mississippi, from which the Defendants did cause the physical pain and suffering, infliction of emotional distress, mental anguish, degradation, humiliation, loss of enjoyment of life, and any other injury claim that may be discovered during the course of this cause which the law holds the Defendants liable and responsible in an amount to be determined by a jury;

b. enter a judgment in favor of the Plaintiff and against the Defendants JOHN and JANE DOES 1-24, Individually, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in gross or reckless indifference to the welfare, safety, rights, privileges, and/or immunities of the Plaintiff in an amount to be determined by a jury;

c. enter a judgment against all Defendants jointly and severally for the Plaintiff's reasonable attorney's fees pursuant to 42 United States Code section 1988, all costs of this action and related litigation expenses and expert fees;

d. enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for such other relief, general or specific, as the Court may deem appropriate, just, and equitable in the premises.

Respectfully submitted, this the 19th day of March, 2019.

By: **JACKSON WADE**, *Plaintiff*

/s/ J. Matthew Eichelberger
J. Matthew Eichelberger, MS Bar No. 101060

Eichelberger Law Firm, PLLC
308 E Pearl St, Ste 201
Jackson, MS 39201
Telephone: 601-292-7940
Facsimile: 601-510-9103
matt@ike-law.com
*COUNSEL FOR THE PLAINTIFF*