IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JACKSON WADE**                                                                               **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO.: 3:19-cv-193-CWR-FKB**

**HINDS COUNTY, MISSISSIPPI,**
by and through its Board of Supervisors, and
**JOHN and JANE DOES 1-24.**                                                **DEFENDANTS**

## HINDS COUNTY, MISSISSIPPI'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Comes now, Hinds County, Mississippi, by and through counsel, and in response to Plaintiff's Complaint (*CM/ECF Doc No. 1*), would show as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Answering defendant specifically asserts and invokes all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Insofar as any state law claims are concerned, the answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**FIFTH DEFENSE**

Answering defendant denies that it has been guilty of any actionable conduct.

**SIXTH DEFENSE**

**ADMISSIONS AND DENIALS**

And now, without waiving any defenses heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint, paragraph by paragraph as follows:

**COMPLAINT (*CM/ECF Doc. No.1*)**

**PARTIES**

1.

Answering defendant admits, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2.

Answering defendant admits the allegations of paragraph 2 of Plaintiff's Complaint.

3.

Answering defendant denies the allegations of paragraph 3 of Plaintiff's Complaint.

## JURISDICTION

4.

Without waiving any immunities, restrictions or limitations, answering defendant admits that this Court has jurisdiction over this matter as Plaintiff alleges federal claims. Answering defendant denies the remaining allegations of paragraph 4 of Plaintiff's Complaint.

## VENUE

5.

Without waiving any immunities, restrictions or limitations, answering defendant admits that venue is proper in this Court. Answering defendant denies the remaining allegations of paragraph 5 of Plaintiff's Complaint.

## FACTS

6.

Answering defendant admits that Plaintiff was a detainee housed in the Hinds County Detention Center ("HCDC"). Answering defendant admits, upon information and belief, Plaintiff was attacked by his fellow inmates. Answering defendant denies the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7.

Answering defendant denies the allegations of paragraph 7 of Plaintiff's Complaint.

## COUNT I
## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

8.

Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-7 hereinabove as if the same were specifically set out herein.

9.

Answering defendant denies the allegations of paragraph 9 of Plaintiff's Complaint.

10.

Answering defendant denies the allegations of paragraph 10 of Plaintiff's Complaint.

11.

Answering defendant denies the allegations of paragraph 11 of Plaintiff's Complaint.

12.

Answering defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.

13.

Answering defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

14.

Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-13 hereinabove as if the same were specifically set out herein.

15.

Answering defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16.

Answering defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

17.

Answering defendant denies the allegations of paragraph 17 of Plaintiff's Complaint, including subparagraphs a-d.

**EIGHTH DEFENSE**

Answering defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

**NINTH DEFENSE**

Answering defendant avers that it has met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions which either caused or contributed to the incidents in question.

**TENTH DEFENSE**

Answering defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## TWELTH DEFENSE

Answering defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

**THIRTEENTH DEFENSE**

Answering defendant invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

**FOURTEENTH DEFENSE**

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

**FIFTEENTH DEFENSE**

Any allegations contained in the Plaintiff's Complaint, which are not specifically admitted are hereby denied.

And now, having answered the Complaint filed against it, the answering defendant requests that the same be dismissed and that they be discharged with costs assessed against the Plaintiff.

**DATE:**   **August 5, 2019.**

> Respectfully submitted,
>
> **HINDS COUNTY, MISSISSIPPI**
>
> By:   */s/William R. Allen*
> One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
CHRISTINA J. SMITH (MSB#105483 )
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  csmith@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendant, Hinds County, Mississippi, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court using the ECF system which gave notification of the same to:

> J. Matthew Eichelberger, Esq.
> Eichelberger Law Firm, PLLC
> 208 E. Pearl St., Suite 201
> Jackson, MS 39201
> matt@ike-law.com
> *Counsel for Plaintiff*

This the 5th day of August, 2019.

/s/*William R. Allen*
OF COUNSEL
